Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3292 | **DATE** | 8/25/2004 |
| **CASE TITLE** | In Re: UAL Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, United's motion to dismiss KBC Bank's appeal for lack of jurisdiction granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 2 6 2004 | |
| | Notified counsel by telephone. | date docketed | 9 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **DOCKETED** |
| UAL CORPORATION, et al., | ) | AUG 2 6 2004 |
| Debtors. | ) | |
| KBC BANK, N.V., | ) | |
| Appellant, | ) | |
| v. | ) | No: 04 C 3292 |
| UAL CORPORATION, et al. | ) | Judge John W. Darrah |
| Appellees. | ) | |

## MEMORANDUM OPINION AND ORDER

UAL Corporation and multiple other debtors (collectively "United") filed voluntary petitions under Chapter 11 of the Bankruptcy Code to effectuate a reorganization. KBC Bank, N.V. appealed to this Court from the denial of a Motion to Compel Return of Cash Collateral or for Adequate Protection. KBC Bank contends that United impermissibly withdrew money from bank accounts United kept at KBC Bank, and United is obligated to reimburse the amounts it removed from the bank accounts. Now before the Court is United's Motion to Dismiss KBC Bank's Appeal for Lack of Jurisdiction. For the following reasons, the motion is granted.

## BACKGROUND

United and KBC Bank entered into two separate legal relationships. First, United opened bank accounts with KBC Bank in Brussels, Belgium. Second, United entered into a number of leases with parties regarding aircrafts, and KBC Bank eventually became a party to those leases.

After United filed for bankruptcy, United withdrew money from its accounts with KBC Bank. KBC Bank then froze United's bank accounts to offset obligations KBC Bank may seek to recover against United with regard to the airplane leases. Thereafter, KBC Bank filed a motion for relief from the automatic stay seeking a setoff from United's bank accounts.

At the hearing on KBC Bank's motion, the bankruptcy court determined KBC Bank's motion was not properly brought. Instead, the bankruptcy court stated that KBC Bank's motion would determine whether KBC Bank has cash collateral rights in the bank accounts, thus also deciding whether United had any right to withdraw money in the bank accounts once it filed for bankruptcy. If KBC Bank's motion was granted, United would not have been permitted to withdraw money from the accounts, United would be obligated to reimburse any amounts it removed from the bank accounts, and KBC Bank would be entitled to a setoff for the airplane leases.

Subsequently, the bankruptcy court made a number of rulings in connection with KBC Bank's motion. With regard to whether KBC Bank could obtain a setoff for the airplane leases, the bankruptcy court concluded that a Belgian court would have to determine under Belgian law how the KBC Bank customer account agreement affected KBC Bank's setoff rights. With regard to the money United had already withdrawn, the bankruptcy court held that KBC Bank waived its cash collateral rights to that money by not preventing the withdrawals.

KBC Bank then filed a Motion to Compel Cash Collateral seeking to recover the amounts United withdrew from the bank accounts. The bankruptcy court denied this motion and stated that it had already ruled on this issue. Furthermore, the bankruptcy court noted that the Belgian

2

court would determine whether KBC Bank is even entitled to receive a setoff from the bank accounts.

## ANALYSIS

First, it must be determined whether jurisdiction over this bankruptcy appeal is proper. KBC Bank initially argues that the denial of a motion for adequate protection is a final and appealable order.

However, KBC Bank's motion did not seek adequate protection of its alleged interest in the money held in United's bank accounts. Instead, KBC Bank sought immediate access to that money. Furthermore, KBC Bank is adequately protected because the money at issue is currently in KBC Bank accounts earning interest; the accounts have been frozen, and United is unable to access the money. Finally, KBC Bank has not presented any binding authority for its contention that the denial of a motion for adequate protection is a final and appealable order; and, therefore, jurisdiction is found to be lacking on this basis.

Nor is jurisdiction over this bankruptcy appeal proper on the merits of the bankruptcy court's ruling. Under 28 U.S.C. § 158(a)(1), a United States District Court has "jurisdiction to hear appeals from final judgments, orders, and decrees." An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute judgment. *BA Leasing Parties v. UAL Corp.*, No. 03 C 2414, 2003 WL 22176068, at * 4 (N.D. Ill. Sept. 15, 2003) ("*BA Leasing*") (citations omitted). In bankruptcy proceedings, the reviewing courts look at the finality of an order with a "relaxed eye" and interpret the finality requirement more liberally under § 158 than under 28 U.S.C. § 1291. *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1298 (7th Cir. 1997).

> Even without a formal termination of the case, a bankruptcy court's order is final and appealable if it (1) resolves all contested issues on the merits and leaves only the distribution of the estate assets to be completed; (2) ultimately determines a creditor's position in the bankruptcy proceeding, even though the administration of the debtor's estate continues; or (3) marks the conclusion of what, but for the bankruptcy, would be the equivalent of a stand-alone suit by or against the trustee.

*BA Leasing*, 2003 WL 22176068, at * 4 (internal citations and quotations omitted).

Here, KBC Bank's appeal from the denial of a Motion to Compel Return of Cash Collateral or for Adequate Protection satisfies none of these standards. First, other contested issues between these parties still remain, and no assets allegedly belonging to KBC Bank have been distributed. Significantly, no determination has yet been made as to whether KBC Bank, under Belgian law, is entitled to receive a setoff. If KBC Bank is not entitled to a setoff under Belgian law, then the bankruptcy court's determination that KBC Bank waived its cash collateral rights is moot. Second, KBC Bank's position in the bankruptcy proceeding has not been ultimately determined; as noted above, a Belgian court has yet to decide whether KBC Bank may receive a setoff. Finally, for the same reasons, KBC Bank's proceeding has yet to conclude.

Pursuant to 11 U.S.C. § 158(a)(3), district courts may, at their own discretion, grant parties leave to appeal non-final orders under exceptional circumstances. Courts in the Seventh Circuit apply the standards set forth in 28 U.S.C. § 1292(b) in determining whether to exercise their discretion under § 158(a)(3). *BA Leasing*, 2003 WL 22176068, at * 5. Section 1292(b) provides for appellate review of final orders when "the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation." "Generally

4

speaking, leave to appeal an interlocutory order will not be granted absent exceptional circumstances." *BA Leasing*, 2003 WL 22176068, at * 5 (internal quotations omitted).

In this case, KBC Bank has not identified that any exceptional circumstances exist warranting this appeal. KBC Bank is not in danger of suffering an irreparable harm; it currently controls the money in United's bank accounts, which are bearing interest. *See BA Leasing*, 2003 WL 22176068, at * 5. In addition, hearing an appeal now would waste judicial resources. The bankruptcy court and all interested parties would be prevented from resolving this matter based on a full consideration of the merits. Therefore, leave to file an "interlocutory" appeal is denied.

The parties raise a number of other issues in this motion. However, because jurisdiction over this appeal is not proper, it is unnecessary to decide these issues.

## CONCLUSION

For the foregoing reasons, United's Motion to Dismiss KBC Bank's Appeal for Lack of Jurisdiction is granted.

Dated: August 25, 2004

JOHN W. DARRAH
United States District Judge